Argued and submitted December 12, 2007, affirmed March 26, 2008

In the Matter of the Compensation of
Michael W. Johnson, Claimant.

Michael W. JOHNSON,
*Petitioner,*

*v.*

SAIF CORPORATION
and Anderson Hay & Grain Co., Inc.,
*Respondents.*

Workers' Compensation Board
0502484; A132512

180 P3d 1237

Ronald A. Fontana argued the cause for petitioner. With him on the briefs was Fontana & Takaro, P.C.

David L. Runner, Special Assistant Attorney General argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board, challenging the board's determination that the proper amount on which to base a penalty against SAIF for late closure of a claim under ORS 656.268(5)(d) was the permanent partial disability award in the notice of closure, reduced by the overpayment of temporary disability compensation existing at the time of closure. We affirm.

Claimant requested claim closure on November 15, 2004, pursuant to ORS 656.268(5)(b).[1] SAIF closed the claim on December 13, 2004. Claimant filed a request for hearing and sought a penalty under ORS 656.268(5)(d),[2] for failure to issue a notice of closure or a notice of refusal to close the claim within 10 days of receipt of the request, as required by ORS 656.268(5)(b). After hearing, an administrative law judge (ALJ) concluded that SAIF had violated ORS 656.268(5)(b), and assessed a penalty of "25 percent of all compensation 'then due' claimant under the December 13, 2004 Notice of Closure." Neither SAIF nor claimant appealed that order to the board, and it became final.

The notice of closure had awarded claimant unscheduled permanent partial disability benefits of $28,211.20, and had allowed for the deduction of overpaid

---

[1] ORS 656.268(5)(b) provides:

"If the insurer or self-insured employer has not issued a notice of closure, the worker may request closure. Within 10 days of receipt of a written request from the worker, the insurer or self-insured employer shall issue a notice of closure if the requirements of this section have been met or a notice of refusal to close if the requirements of this section have not been met. A notice of refusal to close shall advise the worker of the decision not to close; of the right of the worker to request a hearing pursuant to ORS 656.283 within 60 days of the date of the notice of refusal to close the claim; of the right to be represented by an attorney; and of such other information as the director may require."

[2] ORS 656.268(5)(d) provides:

"If an insurer or self-insured employer has closed a claim or refused to close a claim pursuant to this section, if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if a finding is made at the hearing that the notice of closure or refusal to close was not reasonable, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

disability benefits.[3] SAIF had paid claimant benefits for time loss beyond the medically stationary date. At the time of the notice of closure, SAIF had overpaid claimant $8,405.12 in temporary total disability benefits. SAIF offset claimant's permanent partial disability award by $8,405.12, and paid claimant $19,806.08 in benefits. SAIF then calculated the penalty as 25 percent of that amount, or $4,591.50.

Claimant requested a hearing, contending that the penalty should have been based on the full permanent partial disability award of $28,211.20, for a penalty of $7,052.80. The ALJ and the board both rejected claimant's contention, concluding that "compensation determined to be then due the claimant" under ORS 656.268(5)(d) means the compensation award less the amount of any authorized offset for an overpayment.

Claimant seeks review, making two arguments. He asserts, first, that the board erred in determining that the penalty should be assessed based on the compensation due at the time of the notice of closure, rather than at the time that claimant made the request to close the claim. We agree with SAIF that that issue is not properly before us, because claimant did not appeal the ALJ's order directing that the penalty be calculated based on the amount of compensation due at the time of the notice of closure.

Claimant next contends that the board erred in determining that, in calculating the benefits on which to base the penalty, SAIF was permitted to deduct the amount of the then-existing overpayment from claimant's permanent partial disability award. Rather, claimant asserts, the penalty should have been based on the full award. The answer depends both on the effect of an offset to recover an overpayment under ORS 656.268(13)(a), and on how one interprets

---

[3] ORS 656.268(13)(a) provides:

"An insurer or self-insured employer may offset any compensation payable to the worker to recover an overpayment from a claim with the same insurer or self-insured employer. When overpayments are recovered from temporary disability or permanent total disability benefits, the amount recovered from each payment shall not exceed 25 percent of the payment, without prior authorization from the worker."

the phrase "all compensation determined to be then due the claimant," as used in ORS 656.268(5)(d).

ORS 656.268(13)(a) permits an offset of any compensation "payable" to recover an overpayment. OAR 436-060-0170(2) provides that insurers may recover an overpayment "from any benefits currently due." Under both the statute and the rule, the offset of compensation for the recovery of an overpayment necessarily means a reduction in the payment to the claimant, although it does not reduce the compensation award.

Under ORS 656.268(5)(d), the penalty for the failure to close a claim is 25 percent of "all compensation determined to be then due." The word "due" is not defined by rule or statute, but it is defined in *Webster's Third New International Dictionary* 699 (unabridged ed 2002) as "owed or owing as a debt," or "having reached the date at which payment is required." Thus, as commonly understood, the amount "due" is the amount that claimant was entitled to be paid, and not, as claimant contends, the amount "awarded." The notice of closure expressly authorized SAIF to reduce the amount of its payment of permanent partial disability benefits by the amount of its then-existing overpayment of temporary total disability benefits. We conclude, for that reason, that the compensation "due" claimant was the amount of the award less the amount of the overpayment. Accordingly, we hold that SAIF properly calculated the penalty as $4,591.50.

Affirmed.